## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                          **No. 2:22-cr-012-DPM-1**

**JARVIS PIPPEN**

## REPORT AND RECOMMENDATION

### I.    Procedures for Filing Objections

This Report and Recommendation has been sent to Chief Judge D.P. Marshall Jr. Parties may file objections if they disagree with the findings or conclusions set out in this Report and Recommendation. To properly object to a finding or recommendation, a party must specifically identify the finding or conclusion believed to be erroneous and explain why the party believes it to be in error.

To be considered, objections must be filed within 14 days. Parties who fail to file objections within the time allowed risk waiving the right to later contest the findings and conclusions set out below.

### II.    Findings of Fact

On March 21, 2023, Defendant Jarvis Pippen appeared with his lawyer, Molly Sullivan, to enter a plea of guilty to the offense of Possession of a Firearm by a Felon, a violation of Title 18 U.S.C. Section 922(g)(1), as charged in Count I

of the Indictment.[1] Mr. Pippen consented to having a magistrate judge preside over the change-of-plea hearing with the concurrence of his lawyer.[2] Assistant United States Attorney Bart Dickinson, appearing on behalf of the government, also consented.

At the hearing, Mr. Pippen acknowledged having had meaningful conversations with his lawyer about his constitutional rights, the charge against him in the Indictment, forfeiture of firearms, the sentencing guidelines, the possible penalties he faces, and the terms of the parties' plea agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).[3] Mr. Pippen affirmed his satisfaction with Ms. Sullivan's representation and work on his behalf in this case.

Before entering his guilty plea, Mr. Pippen acknowledged the possible criminal penalties that will result from his guilty plea, specifically: a prison sentence of not more than 10 years; a fine of not more than $250,000; a term of supervised release not to exceed three years; and a special penalty assessment of $100. Mr. Pippen acknowledged that the sentence to be imposed is solely Chief Judge Marshall's decision, notwithstanding the parties' plea agreement.

---

[1] Chief United States District Judge D.P. Marshall Jr., the presiding district judge in this case, referred this Defendant's change-of-plea hearing to me for a report and recommendation. *Doc. 39.*

[2] *Doc. 43.*

[3] *Docs. 45, 46.*

At the hearing, Mr. Pippen expressed his understanding that, by pleading guilty to the indictment and entering into the parties' plea agreement, he is giving up many of his constitutional and other federally protected rights, including: the right to a trial by jury; the right to retain possession of the firearms listed in the Indictment; the right to remain silent; the right to compel witnesses to testify on his behalf; the right to cross-examine (through counsel) witnesses against him at a trial; and the right to appeal his conviction and sentence in almost all circumstances.

Mr. Pippen confirmed that he is pleading guilty to the crime of Possession of a Firearm by a Felon because he is actually guilty of that crime. Specifically, he admitted that, on March 3, 2022, in the Eastern District of Arkansas, he knowingly possessed a firearm even though he was aware that he could not legally possess a gun due to his previous felony conviction in state court. The parties agreed that the firearm in this case was transported across state lines and, therefore, affected interstate commerce.

Ms. Sullivan concurred in Mr. Pippen's decision to plead guilty to Possession of a Firearm by a Felon. She further stated that, in her opinion, Mr. Pippen is fully competent to enter a guilty plea and that his decision to plead guilty is made voluntarily, with full knowledge of the consequences. Considering Mr. Pippen's demeanor at the hearing, his responses to my questions, and his

3

admissions in open court, I find him to be fully competent to enter a knowing and voluntary plea of guilty. I further find that Mr. Pippen's guilty plea is supported by an independent basis in fact as to each essential element of the offense of Possession of a Firearm by a Felon, as charged in Count I of the Indictment.

I also find the parties' plea agreement to be a fair, reasonable resolution to this case. The evidence against Mr. Pippen is compelling; and the Government has agreed not to file further charges against Mr. Pippen in this District for other conduct arising from the March 3 incident. For example, in the plea agreement, the parties stipulate that, during the March 3 search, parole agents found not only a gun in Mr. Pippen's car but also cocaine and crack cocaine. Mr. Pippen was not charged with drug offenses in this case; and under the terms of the plea agreement, he will not be charged.

## III. Recommendations

Based on the record in this case and all attendant circumstances, I recommend that Chief Judge Marshall accept the Defendant's plea of guilty to the crime of Possession of a Firearm by a Felon, in violation of Title 18 U.S.C. Section 922(g)(1), and adjudge Defendant Jarvis Pippen guilty of that offense.

I further recommend that Chief Judge Marshall adopt the parties' plea agreement as a reasonable, just resolution to this case.

DATED this 23rd day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE